United States District Court
For the District of Columbia

Humbert Lane Nursing and Rehabilitation      :
Center, 90 Humbert Lane,                      :
Washington, Pennsylvania 15301                :
Telephone: [724] 228-4740                     :
                                              :
    Plaintiff,                              :
                                              :
v.                                            :
                                              :
Michael O. Leavitt, in his official capacity as  : CASE NUMBER:
Secretary of the U.S. Department of Health    :
And Human Services                            :
C/o General Counsel                           :
Department of Health and Human Services       :
200 Independence Avenue, S.W.                 :
Washington, D.C. 20201                        :
                                              :
    Defendant.                              :

## COMPLAINT

    1.    This matter seeks judicial review of a final determination of the Provider Reimbursement Review Board (PRRB), pursuant to 42 U.S.C. § 1395oo(f), with respect to reimbursement of a skilled nursing facility participating as a provider in the Medicare Program, which constitutes the final determination by Defendant of the issues raised in the matter below and described further herein; and, in the

1

alternative, declaratory relief or a writ of mandamus to preclude the Intermediary from denying payment without any right of appeal for services rendered by Plaintiff to eligible Medicare beneficiaries based on criteria not established by any written regulation or which the Intermediary is not authorized by law to apply to deny payment or which are contrary to the Secretary's written regulations and interpretations of those regulations and require payment of claims that meet the requirements established by law.

2. Humbert Lane Nursing and Rehabilitation Center (formerly known as Humbert Lane Health Care Center), Plaintiff, is a licensed skilled nursing facility that participates as a provider (Provider Number 39-5692) in the Medicare Program operated by the United States and administered by the Secretary of the U.S. Department of Health and Human Services through the Centers for Medicare and Medicaid Services (CMS).

3. Michael O. Leavitt, Defendant, is the Secretary of the U.S. Department of Health and Human Services and is sued in his official capacity only, as the official whose final action is represented by the decision of the PRRB.

4. Venue is proper in this District pursuant to 42 U.S.C. § 1395oo(f)(1).

5. Jurisdiction is vested pursuant to 42 U.S.C. § 1395oo(f)(1) and 28 U.S.C. §§ 1331, 1346, and 1361.

6. The amount in controversy in this matter is $142,766.41, with respect to Plaintiff's reimbursement by the Medicare Program for Cost Reporting Period Ending June 30, 1998.

7. The decision of the PRRB at issue in this matter was entered on August 11, 2008, a true and correct copy thereof is attached hereto as Exhibit A and incorporated by reference, including the Board's related decision of January 15, 2008, which dismissed Plaintiff's appeal before the PRRB as to Issue No. 5 for lack of jurisdiction. All other issues before the PRRB were resolved below and are not included in this complaint.

8. Plaintiff alleges that the PRRB decision is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or, in the alternative, that, if the PRRB lacks jurisdiction to hear and determine Plaintiff's appeal, Plaintiff has exhausted all available administrative remedies or there are no available administrative or statutory remedies and Plaintiff's complaint is therefore otherwise within the subject-matter jurisdiction of this Court.

9. When Plaintiff reported its FYE 12/31/98 costs to the Medicare Program, it included days of services and other statistics related to Medicare beneficiaries who were provided therapy services.

10. The Medicare Intermediary audited some of the therapy services provided and billed on an interim basis by Plaintiff and erroneously recouped interim payments alleging that the services lacked

required documentation; and, erroneously advised Plaintiff that Plaintiff has no appeal rights with respect to its recoupment or its determination of lack of required documentation.

11. Plaintiff sought to informally appeal the recoupment and determination of lack of required documentation with the Intermediary; and, submitted "delayed certifications" pursuant to the authority of 42 CFR § 424.11(d)(3).

12. Plaintiff also sought to have the claims reconsidered by resubmission through the process established by the Medicare Program in Program Memorandum A-01-29 (included in the Record below).

13. The Intermediary erroneously advised Plaintiff that it determined that none of Plaintiff's claims were eligible for payment pursuant to Program Memorandum A-01-29; and, that Plaintiff has no appeal rights with respect to that determination.

14. The Intermediary also erroneously rejected all of Plaintiff's "delayed certifications."

15. When the Intermediary issued the Notice of Program Reimbursement after auditing Plaintiff's FYE 6/30/98 cost report, the Intermediary erroneously deleted all of the costs, days of service, and other related statistics for the therapy services that had been erroneously recouped by the Intermediary.

16. Plaintiff filed a timely appeal to the PRRB from the Notice of Program Reimbursement challenging, in addition to other issues resolved below, the disallowance of the therapy costs and related days and statistics, identified below as "Issue No. 5."

17. The Conditions for Payment for Medicare services are established in the Medicare Act (42 U.S.C. §§ 1395 *et seq.*) and in the Secretary's regulations at 42 CFR §§ 409.20-409.36, 424.10 *et seq.*, which regulations do not incorporate by reference or otherwise the Condition of Participation (42 CFR § 483.40(b)(2)) relied on by the Intermediary to disallow payment to Plaintiff.

18. Congress established specific statutory penalties for failure to comply with Conditions of Participation (42 U.S.C. §§ 1395i-3(h), 1396r(h)) and did not authorize the Intermediary to impose such penalties in the Nursing Home Reform Law (42 U.S.C. §§ 1395i-3, 1396r).

19. The Secretary has stated in regulation that the Conditions of Participation serve as the basis for survey activities for the purpose of determining whether a facility meets the requirements for participation in Medicare and Medicaid (42 CFR § 483.1(b)).

20. The Intermediary's erroneous denials of payment for the therapy services involved in this matter are arbitrary, capricious, contrary to law, not supported by substantial evidence, and contrary to the published written guidance provided by the Secretary to both

providers and intermediaries in the Skilled Nursing Facility Manual (CMS Pub. 12), at § 220.5, and in guidance on related issues in other regulations.

21. The Intermediary's erroneous denial of payment for the therapy services without any right of appeal to correct errors of fact or law by the Intermediary constitutes a denial of Due Process protected by the Constitution of United States of America.

22. The Intermediary's erroneous denial of payment for the therapy services on the basis of the Conditions of Participation without any right of appeal constitutes an exercise of authority not granted to the Intermediary in violation of the Medicare Act that results in a denial of Due Process protected by the Constitution of the United States of America.

23. The Secretary's regulations and published interpretations of those regulations are binding on the Intermediary; and, the Intermediary has no discretion to create exceptions to them.

WHEREFORE, Plaintiff requests this Honorable Court to find that this Court has subject-matter jurisdiction to determine this matter on the merits and, after review of the facts and law, to declare the Plaintiff's claims were denied in error and to enter judgment in favor of Plaintiff and against Defendant in the amount of $142,766.41, or, in the alternative, to REVERSE the PRRB decision and REMAND this matter for a hearing on merits below.

Respectfully submitted,

Louis J. Capozzi, Jr., Esquire
Attorney No. PA0004 (Admitted 11/1/1999)
Capozzi & Associates, P.C.
2933 North Front Street
Harrisburg, PA 17110-12500
Telephone: [717] 233-4101
FAX       : [717] 233-4103

[Attorney for Plaintiff]

DATE: August 19, 2008

Case 1:08-cv-01330-RWR Document 18-2 Filed 09/19/2008 Page 1 of 7



# DEPARTMENT OF HEALTH AND HUMAN SERVICES
## PROVIDER REIMBURSEMENT REVIEW BOARD
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671   FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

AUG 1 1 2008

Refer to: 00-3876

CERTIFIED MAIL

Louis J. Capozzi, Esq.
Capozzi and Associates, P.C.
2933 North Front Street
Harrisburg, PA 17110

James Palovick
Highmark Medicare Services
120 Fifth Avenue
Suite P5301
Pittsburg, PA 15222

RE: Humbert Lane Health Care Center
Provider No: 39-5692
FYE: 6/30/98
PRRB Case No.: 00-3876

Dear Mr. Capozzi and Mr. Palovick:

On June 30, 2008, the Provider notified the board that all issues involved with above identified case had been withdrawn or settled and requested that the Board issue a final order on the jurisdictional determination it made in correspondence dated January 15, 2008. The Board subsequently closed the case in a letter dated July 21, 2008 and did not address the final order for its jurisdictional determination.

Pursuant to its letter dated January 15, 2008, now that all other issues in the case have been resolved, the Boards jurisdictional determination is now considered a final determination of the Board.

The parties may request the CMS Administrator review of this final determination under 42 C.F.R. 405.1875(b).

FOR THE BOARD:

Suzanne Cochran,
Chairperson

Board Members Participating
Suzanne Cochran, Esquire
Elaine Crews Powell, C.P.A.
Michael Richards, C.P.A.
Keith Braganza, C.P.A.
Yvette Hayes

EXHIBIT A



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671      FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to:   00-3876

JAN 1 5 2008

CERTIFIED MAIL

Louis J. Capozzi, Esq.
Capozzi and Associates, P.C.
2933 North Front Street
Harrisburg, PA  17110

James Palovick
Highmark Medicare Services
120 Fifth Avenue
Suite P5301
Pittsburg, PA  15222

RECEIVED JAN 17 2008

RE: Humbert Lane Health Care Center
Provider No: 39-5692
FYE: 6/30/98
PRRB Case No.: 00-3876

Dear Mr. Capozzi and Mr. Palovick:

The Provider Reimbursement Review Board (Board) has reviewed the jurisdictional briefs of the parties in the above referenced appeal. The jurisdictional determination of the Board is set forth below.

Background

This case involves whether the Board has jurisdiction over the issue of "Adjustments to Medicare days, Program charges, coinsurance, deductibles and interim payments based on "technical denials" of claims during medical review.

Intermediary Position:

The Intermediary believes that the Board lacks jurisdiction over the issue of patient claim denials because coverage determinations are precluded from Board review under 42 C.F.R 405.1873(b). The Intermediary explained that pursuant to 42 U.S.C. 1395(f)(a)(2)(b) and 42 C.F.R. 424.20, 23 claims were disallowed due to missing physician certification/recertification.

Provider Position:

The Provider does not dispute that this matter involves adjustments based on medical review determinations that services rendered did not meet Medicare requirements. The Provider claims that the FI advised the Provider that its determination could not be appealed pursuant to 42 C.F.R. § 405.701 and that the Intermediary dismissed the Provider's requests for informal and formal reconsideration of the determinations for lack of rights under 42 C.F.R. § 405.701 et. Seq.

The Provider asserts that because these technical denials cannot be appealed through the provisions of 42 C.F.R. § 405.701, they are within the jurisdiction of the Board. The Provider claims that although the Board has determined that coverage denials are not within its jurisdiction, this matter does not involve coverage determinations. The Intermediary denied the services based on the Provider failing to meet a condition of participation, in this case due specifically to "documentation included a progress note that was not written, signed or dated as required by 42 C.F.R. § 483.40(b)(2)." The Provider asserts that conditions of participation are not conditions of payment, and that violations of conditions of participation do not expressly provide for sanctions and do not require the denial of payment for services.

Recommendation:

The Board has considered the positions of the parties and finds that it lacks jurisdiction over the "Adjustments to Medicare days, Program charges, coinsurance, deductibles and interim payments based on "technical denials" of claims during medical review.

The statute at 42 U.S.C. §1395oo(a)(1)(A) dictates that the Board's jurisdiction is limited to appeals where a provider is dissatisfied with the final determination of the intermediary as to the total amount of program reimbursement due a provider for items and services furnished to individuals *for which payment may be made under Title 18 of the Social Security Act (the Act)* for the period covered by the cost report. (emphasis added) The statute and regulations expressly prohibit the Board from reviewing determinations where no payment can be made under Title 18 because the expenses in issue are for items or services excluded from coverage. 42 U.S.C. §1395oo(g)(1) and 42 C.F.R. § 405.1873(b). Determinations that items or services are not medically necessary are coverage determinations and are, therefore, not reviewable by the Board. 42 U.S.C. §1395y(a)(1)(A).

The Provider's position that the denials based on the Provider's failure to meet conditions of participation are not coverage determinations is not supported by the regulations. 42 U.S.C. §1395f(a)(2)(b) and 42 C.F.R. § 424.20 clearly include a physician certification of medical necessity an element of, and a prerequisite to, coverage. Consequently, the Board does not have jurisdiction over these denials.

Upon final disposition of the remaining issues, this jurisdiction decision will also become final and may be appealed under the provisions of 42 U.S.C. §1395oo(f)(1) and 42 C.F.R. §§ 405.1875 and 405.1877.

Board Members Participating

Suzanne Cochran, Esq.
Elaine Crews Powell, C.P.A.
Yvette C. Hayes
Michael D. Richards, C.P.A.

FOR THE BOARD:

Suzanne Cochran, Esq.
Chairman

Enclosures: 42 U.S.C. § 1395oo(f)(1) and 42 C.F.R. §§ 405.1875 and 405.1877.

**42 § 1395oo** SOCIAL SECURITY Ch. 7

**(f) Finality of decision; judicial review; determinations of Board authority; jurisdiction; venue; interest on amount in controversy**

(1) A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision. Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received. Providers shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines (on its own motion or at the request of a provider of services as described in the following sentence) that it is without authority to decide the question, by a civil action commenced within sixty days of the date on which notification of such determination is received. If a provider of services may obtain a hearing under subsection (a) of this section and has filed a request for such a hearing, such provider may file a request for a determination by the Board of its authority to decide the question of law or regulations relevant to the matters in controversy (accompanied by such documents and materials as the Board shall require for purposes of rendering such determination). The Board shall render such determination in writing within thirty days after the Board receives the request and such accompanying documents and materials, and the determination shall be considered a final decision and not subject to review by the Secretary. If the Board fails to render such determination within such period, the provider may bring a civil action (within sixty days of the end of such period) with respect to the matter in controversy contained in such request for a hearing. Such action shall be brought in the district court of the United States for the judicial district in which the provider is located (or, in an action brought jointly by several providers, the judicial district in which the greatest number of such providers are located) or in the District Court for the District of Columbia and shall be tried pursuant to the applicable provisions under chapter 7 of Title 5 notwithstanding any other provisions in section 405 of this title. Any appeal to the Board or action for judicial review by providers which are under common ownership or control or which have obtained a hearing under subsection (b) of this section must be brought by such providers as a group with respect to any matter involving an issue common to such providers.

(2) Where a provider seeks judicial review pursuant to paragraph (1), the amount in controversy shall be subject to annual interest beginning on the first day of the first month beginning after the 180-day period as determined pursuant to subsection (a)(3) of this section and equal to the rate of return on equity capital established by regulation pursuant to section 1395x(v)(1)(B) of this title and in effect at the time the civil action authorized under paragraph (1) is commenced, to be awarded by the reviewing court in favor of the prevailing party.

(3) No interest awarded pursuant to paragraph (2) shall be deemed income or cost for the purposes of determining reimbursement due providers under this chapter.

Reconsiderations, Board of Contract
Determination and Appeals

## Sec. 405.1875

### Sec. 405.1875 Administrator's review

(a) *General rule*

(1) Except for a Board determination under Sec. 405.1842 that it lacks the authority to decide an issue, the Administrator, at his or her discretion, may review any final decision of the Board, including a decision under Sec. 405.1873 about the Board's jurisdiction to grant a hearing. The Administrator may exercise this discretion on his or her own motion, in response to a request from a party to a Board hearing or in response to a request from HCFA.

(2) The Office of the Attorney Advisory will examine the Board's decisions, the requests made by a party or HCFA and any submission made in accordance with the provisions of this section in order to assist the Administrator in deciding whether to exercise this review authority.

(b) *Request for review*

A party or HCFA requesting the Administrator to review a Board decision must file a written request with the Administrator within 15 days of the receipt of the Board decision.

(c) *Criteria for deciding whether to review*

In deciding whether to review a Board decision, either on his or her own motion or in response to a request from a party to the hearing or HCFA, the Administrator will normally consider whether it appears that:

(1) The Board made an erroneous interpretation of law, regulation or HCFA Ruling;

(2) The Board's decision is not supported by substantial evidence; or

(3) The case presents a significant policy issue having a basis in law and regulations, and review is likely to lead to the issuance of a HCFA Ruling or other directive needed to clarify a statutory or regulatory provision;

(4) The Board has incorrectly assumed or denied jurisdiction or extended its authority to a degree not provided for by statute, regulation or HCFA Ruling; and

(5) The decision of the Board requires clarification, amplification, or an alternative legal basis for the decision.

(d) *Decision to review*

(1) Whether or not a party or HCFA has requested review, the Administrator will promptly notify the parties and HCFA whether he or she has decided to review a decision of the Board and, if so, will indicate the particular issues he or she will consider.

(2) The Administrator may decline to review a case or any issue in a case even if a party has filed a written request for review under paragraph (b) of this section.

(e) *Written submissions*

(1) Within 15 days of receipt of a notice that the Administrator has decided to review a Board decision, a party or HCFA may submit to the Administrator, in writing:

(i) Proposed findings and conclusions;

(ii) Supporting views or exceptions to the Board decision;

(iii) Supporting reasons for the exceptions and proposed findings; and

(iv) A rebuttal of the other party's request for review or other submissions already filed with the Administrator.

(2) These submissions shall be limited to issues the Administrator has decided to review and confined to the record of the Board hearing.

(3) A party or HCFA, within 15 days of receipt of a notice that the Administrator has decided to review a decision, may also request that the decision be remanded and state reasons for doing so. Reasons for a request to remand may include new, substantial evidence concerning—

(i) Issues presented to the Board; and

(ii) New issues that have arisen since the case was presented to the Board.

(4) A copy of any written submission made under this paragraph shall be sent simultaneously to each other party to the Board hearing and to HCFA, if HCFA has previously—

(i) Requested that the Administrator review a Board decision or filed a written submission in response to a party's request for review.

(ii) Responded to a party's request for review; or

(iii) Submitted material after the Administrator has announced that he or she will review a Board decision.

(f) *Ex parte communications prohibited*

All communications from any of the parties or HCFA about a Board decision being reviewed by the Administrator must be in writing and must contain a certification that copies have been served on the parties and HCFA, as appropriate. The Administrator will not consider any communication that does not meet these requirements or is not submitted within the required time limits.

(g) *Administrator's decision*

(1) If the Administrator has notified the parties and HCFA that he or she has decided to review a Board decision, the Administrator will affirm, reverse, modify or remand the case.

(2) The Administrator will make this decision within 60 days after the provider received notification of the Board decision and will promptly mail a copy of the decision to each party and to HCFA.

(3) Any decision other than to remand will be confined to:

(i) The record of the Board, as forwarded by the Board;

(ii) Any materials submitted under paragraphs (b) or (e) of this section; and

(iii) Generally known facts that are not subject to reasonable dispute.

(4) The Administrator may rely on prior decisions of the Board, the Administrator and the courts, and other applicable law, whether or not cited by the parties and HCFA.

(h) *Remand*

(1) A remand to the Board by the Administrator vacates the Board's decision.

(2) The Administrator may direct the Board to take further action with respect to the development of additional facts or new issues, or to consider the applicability of laws or regulations other than those considered by the Board. The following are not acceptable bases for remand—

(i) Presentation of evidence existing at the time of the Board hearing that was known or reasonably could have been known;

(ii) Introduction of a favorable court case that was either not available in print at the time of the Board hearing or was decided after the Board hearing.

(iii) Change of a party's representation before the Board;

(iv) Presentation of an alternative legal basis concerning an issue in dispute; or

(v) Attempted retraction of a waiver of a right made before or at the Board hearing.

(3) After remand, the Board will take the action requested in the remand action and issue a new decision.

(4) The new decision will be final unless the Administrator reverses, affirms, modifies, or again remands the decision in accordance with the provisions of this section.

## Sec. 405.1877 Judicial review

### (a) General rule

Section 1878(f) of the Act permits a provider to obtain judicial review of a final decision of the Board, or of a reversal, affirmation, or modification by the Administrator of a Board decision, by filing a civil action pursuant to the Federal Rules of Civil Procedure within 60 days of the date on which the provider received notice of—

(1) A final decision by the Board; or

(2) Any reversal, affirmance, or modification by the Administrator. The Board's decision is not final if the Administrator reverses, affirms or modifies the decision within 60 days of the date on which the provider received notice of the decision.

### (b) Administrator declines to review a Board decision

If the Administrator declines to review a Board decision, the provider must file its appeal within 60 days of receipt of the decision of the Board.

### (c) Administrator does not act after reviewing a Board decision

If the Administrator notifies the parties that he or she has decided to review a Board decision and then does not make a decision within the 60 days allotted for his or her review, this subsequent inaction constitutes an affirmance allowing a provider an additional 60 days in which to file for judicial review, beginning with the date the Administrator's time expires for taking action under Sec. 405.1875(g)(2).

### (d) Matters not subject to judicial review

Certain matters affecting payments to hospital under the prospective payment system are not subject to judicial review, as provided in section 1886(d)(7) of the Act and Sec. 405.1804.

### (e) Group appeals

Any action under this section by providers that are under common ownership or control (see Sec. 413.17 of this chapter) must be brought by the providers as a group with respect to any matter involving an issue common to the providers.

### (f) Venue for appeals

An action for judicial review must be brought in the District Court of the United States for the judicial district in which the provider is located (or, effective April 20, 1983, in an action brought jointly by several providers, the judicial district in which the greatest number of such providers are located) or in the District Court for the District of Columbia.

Effective April 20, 1983, any action for judicial review by providers under common ownership or control (Sec. 413.17 of this chapter), must be brought by such providers as a group with respect to any matter involving an issue common to the providers.

### (g) Service of process

Process must be served as described under 45 CFR Part 4.

[48 FR 39836, Sept. 1, 1983, as amended at 48 FR 45774, Oct. 7, 1983; 51 FR 34793, Sept. 30, 1986]

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Humbert Lane Nursing and Rehabilitation Center, 90 Humbert Lane, Washington, PA, 15301

## DEFENDANTS

Michael O. Leavitt, in his official capacity as Secretary of the US Department of Health and Human Services

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Washington County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Louis J. Capozzi, Jr.
Capozzi and Associates, P.C.
2933 North Front Street
Harrisburg, PA 17110

Case: 1:08-cv-01450
Assigned To : Kennedy, Henry H.
Assign. Date : 8/19/2008
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ⊗ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U S C. §1395oo(f): Plaintiff seeks judicial review of the final determination of the Provider Reimbursement Review Board

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23    DEMAND $ [_____] Check YES only if demanded in complaint    JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐  NO ☐   If yes, please complete related case form

DATE 8-19-2008   SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed Listed below are tips for completing the civil cover sheet These tips coincide with the Roman Numerals on the Cover Sheet

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence Use 11001 to indicate plaintiff is resident of Washington, D C , 88888 if plaintiff is resident of the United States but not of Washington, D C , and 99999 if plaintiff is outside the United States

III. CITIZENSHIP OF PRINCIPAL PARTIES This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV. CASE ASSIGNMENT AND NATURE OF SUIT The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint You may select only <u>one</u> category You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case

VI. CAUSE OF ACTION Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

VIII. RELATED CASES, IF ANY If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form